UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

De'MARCUS M. MORAN,

    Plaintiff,

v.   CAUSE NO. 3:24-CV-506 DRL-APR

SAINT JOSEPH COUNTY JAIL *et al.*,

    Defendants.

## OPINION AND ORDER

De'Marcus M. Moran, a prisoner without a lawyer, filed an amended complaint. ECF 4. "Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a plaintiff is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Mr. Moran alleges the living conditions at the St. Joseph County Jail were unsanitary from March 17, 2024 until June 5, 2024. He claims the showers are caked with black mold and grime, the air vents are covered in dust, and the sinks and shower drains have "black worms" and flies coming out of them. ECF 4 at 2. He claims he is only provided with "one outfit to wear for a whole wk. which is <u>unsanitary</u>." *Id*. (underlining in original, quotations omitted). He further claims the bunks have "no step ladders" which has led to three accidents—including one of his own that he provides no details about—due to it being a "safety hazard for all to climb up or down safely." *Id*. at 3.

Mr. Moran also states, "As a person/prisoner awaiting trial I have the rights for my loved ones to send books, magazines etc. As well as access to the news media or outlets." *Id*. He claims he has been discriminated against because three out of the eight pods at the jail receive a tablet "to watch movies, listed to music, visit their loved ones + friends while on any lockdown," but "the rest of us have to go w/out due to our [security] levels which we have no control over." *Id*. Mr. Moran has sued the St. Joseph County Jail, the St. Joseph "Maintenance Crew," and the St. Joseph "Cleaning Crew Coordinator" for monetary damages.

Mr. Moran's complaint suffers from several problems. As an initial matter, Mr. Moran has sued the jail, but this entity isn't a proper defendant. The St. Joseph County Jail is a building, not an individual or even a policymaking unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law).

Next, Mr. Moran sues the "Saint Joseph Maintenance Crew." However, he cannot proceed against the maintenance crew as a whole, as that is essentially the same as suing unknown defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible.").

On a related note, although Mr. Moran sues the "Cleaning Crew Coordinator," he does not mention this individual anywhere in the body of his complaint. "'[N]o prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (quoting *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009)). There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 594, 596.

Accordingly, Mr. Moran hasn't stated a claim against any of the named defendants. If Mr. Moran believes he can state a claim based on (and consistent with) the events described in this complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

However, if he does choose to file a second amended complaint, he must only include related claims. In his current complaint, he appears to be suing about two

unrelated topics—the conditions of his cell/common areas of the jail (including the showers, the vents, the sinks, the laundry issues, and the lack of bunk ladders) and the alleged discrimination regarding the availability of tablets and reading materials. It's unclear who Mr. Moran believes is responsible for the alleged discrimination regarding the tablets, but it's not plausible it was the "Maintenance Crew" or the "Cleaning Crew Coordinator."

Unrelated claims belong in different lawsuits. *George*, 507 F.3d at 607. As the Seventh Circuit has explained:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner. . . . M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

*Id.*; *see also Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017) (observing that prisoner-plaintiff's "scattershot strategy" of filing an "an omnibus complaint against unrelated defendants . . . is unacceptable"). The Seventh Circuit has urged district courts to be alert to this issue both to "ensure manageable litigation" and to prevent prisoners from avoiding the requirements of the Prison Litigation Reform Act. *Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, 1 (7th Cir. Nov. 3, 2021). When a plaintiff files a complaint with unrelated or misjoined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th

4

Cir. 2012) (court may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants.").

Accordingly, Mr. Moran needs to decide which set of claims he wants to bring in this case. If he wants to pursue any other claims, he must file a separate complaint for each unrelated group of claims. The complaint(s) must be on the court's approved form. He is advised that each separate complaint he submits will incur a separate $405 filing fee.[1]

For these reasons, the court:

(1) GRANTS De'Marcus M. Moran until **June 17, 2025**, to file a second amended complaint containing only related claims as described above; and

(2) CAUTIONS De'Marcus M. Moran if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED.

May 16, 2025                                     *s/ Damon R. Leichty*
                                                 Judge, United States District Court

---

[1] To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.